SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------

LEONARD M. EISENBERG and
CAROL A. EISENBERG,

                          Plaintiffs,

– against –

PERMENENT MISSION OF EQUATORIAL GUINEA
TO THE UNITED NATIONS,

                          Defendant.

-----------------------------------------------------------------

Plaintiff Designates
Westchester County as the
Place of Trial

The basis of the venue is the
location of the property and
residence of Plaintiffs

**SUMMONS WITH NOTICE**
Index No.

The Plaintiffs reside at 100 Hillair
Circle, White Plains, NY 10605

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York]; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  December 12, 2017
          White Plains, New York

Defendant's address:

102 Hillair Circle
White Plains, NY 10605

Attorney for Plaintiffs:

*[signature]*

DAVID I. GRAUER, ESQ.
50 Main Street, 4th Floor
White Plains, NY 10606
(914) 946-5480

**NOTICE:** The nature of this action is Trespass, Quiet Title, Nuisance, Declaratory Judgment and Ancillary Injunctive Relief.

The relief sought is an Order compelling Defendant to remove existing structures encroaching on and trespassing upon Plaintiffs' property ancillary to damages sought resulting from an ongoing nuisance along with injunctive and declaratory relief as necessary to remediate the ongoing unlawful encroachments and trespass.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------

LEONARD M. EISENBERG and
CAROL A. EISENBERG,

**VERIFIED COMPLAINT**

Plaintiffs,

Index No. _____

- against -

PERMENENT MISSION OF EQUATORIAL GUINEA
TO THE UNITED NATIONS,

Defendant.

-----------------------------------------------------------------

Plaintiffs, Leonard M. Eisenberg and Carol A. Eisenberg, through their attorney DAVID I. GRAUER, ESQ., complaining of the Defendant Permanent Mission of Equatorial Guinea to the United Nations, allege the following:

1. At all times hereinafter alleged, the Plaintiffs Carol and Leonard Eisenberg were and are residents of the State of New York, County of Westchester.

2. At all times hereinafter alleged, the Plaintiffs, Leonard M. Eisenberg and Carol A. Eisenberg were and are the owners in fee simple as joint title owners of the property more commonly knowns as 100 Hillair Circle, which property is more fully and accurately described on Schedule "A" hereto attached and labeled as Exhibit "A".

3. That more particularly, the premises known as 100 Hillair Circle more fully and accurately described on Schedule "A" were conveyed by Grantor, Jerry Edelman by Deed dated August 11, 2008 to the Plaintiffs herein and the Plaintiffs have been the continuous owners of said property through the date of the Verification of this Complaint.

4. That the Bargain and Sale Deed conveying title to the Plaintiffs, Leonard and Carol Eisenberg conveyed full right, title and interest to the property described on Schedule "A" hereto attached hereto as Exhibit "A" which property is more fully depicted

1

on the survey of the aforementioned property prepared by the Munson Company on the 3rd of March, 2016, which topographical survey, hereto attached as Exhibit "B" depicts a two story frame dwelling and attached garage in conjunction with the lot conveyed to the Plaintiffs by Deed dated August 11, 2008.

5. That heretofore by Deed made by Mildred Kayden, Trustee of the Mildred Kayden Living Trust dated September 8, 2010 and recorded on July 5, 2011, title to the abutting property commonly known as 102 Hillair Circle was conveyed to the Defendant herein, the "Permanent Mission of Equatorial Guinea to the United Nations".

6. That upon information and belief the property conveyed by Deed dated September 8, 2010 by the Mildred Kayden Living Trust to the Permanent Mission of Equatorial Guinea to the United Nations, today remains occupied by one or more diplomatic representatives employed by and/or affiliated with the Permanent Mission of Equatorial Guinea to the United Nations.

7. That heretofore by letter dated November 26, 2016 sent by counsel to the Plaintiffs to an individual known and identified as Anatolio Ndong Mba residing at 102 Hillair Circle, White Plains, New York, it was made known that a certain fence abutting the premises owned by the Plaintiffs from the adjacent premises owned and occupied by Defendant was encroaching onto the Plaintiff's property.

8. That in June of 2017 Plaintiffs removed the aforementioned fence that was abutting on the premises owned and occupied by Plaintiffs and for three months following the aforesaid removal, the common property line was properly identified by survey stakes placed thereon by the Plaintiff's surveyor.

9. That approximately three months following Plaintiff's removal of the subject fence, Defendant, through its agents, representatives and property occupants unilaterally

and unlawfully relocated the stakes and improperly reconstructed the fence as it now stands abutting on and encroaching within the property of the Plaintiffs.

10. That the aforementioned written communication dated November 26, 2016 enclosed an original certified survey with raised seal prepared by the Munson Company and dated November 2, 2016, (see Exhibit "B" attached) which survey clearly and accurately depicted the aforementioned unlawful encroachment.

11. That more particularly, ancillary to the delivery of the topographical survey attached as Exhibit "B", Plaintiff's representative also furnished to Defendant a line survey of the dividing line separating the property owned by Plaintiffs from the property owned by Defendant, which line survey dated November 2, 2016 is coped and hereto attached as Exhibit "C".

12. That the encroachment identified on the line survey attached as Exhibit "C" has been colored in and clearly referenced with arrows depicting the large scope thereof and the subject survey demarcated to identify the aforementioned unlawful encroachment is hereto attached as Exhibit "D".

13. That both of the surveys copied and attached as Exhibits "C" and "D" each fully depict the encroaching stonewall, barbeque area, paver's patio and chain-link fence all thereon reflected and identified.

14. That upon information and belief at a juncture that the earlier fence referenced above that was then separating the properties was removed during the summer of 2017, the then occupant of the abutting property owned by the Defendant stated and acknowledged to the Plaintiffs that the aforementioned subject fence was encroaching on the Plaintiff's property and said representative or occupant of the premises further stated that a new fence would be relocated on the property line as documented on the Munson

3

survey and survey line (see Exhibits "C" and "D") and that said replacement fence would be situated on either the property line or on the Defendant's side of the property line.

15. That notwithstanding the above representation, upon information and belief, as hereinabove delineated one or more residents and/or occupants of Defendant's property intentionally removed and relocated surveyor's stakes placed by the Plaintiff's surveyor that demarcated the correct and actual line dividing the respective properties owned by the Plaintiffs and by the Defendant and moreover, one or more representatives of the Defendant and/or occupants of the subject property further caused a new replacement fence to be erected on the Plaintiff's property in violation of the Plaintiff's property rights.

16. That the Defendant, through the occupants of the premises and/or through its representative knew and/or should have known that the fence separating the aforementioned properties was not properly located on the dividing line separating the subject properties and that the subject fence encroached on the Plaintiff's property by an amount up to four feet thereby creating a trespass and unlawful enclosure of the Plaintiff's property, all as depicted and documented on the surveys attached as Exhibits "C" and "D".

17. That following the issuance of the November 6, 2017 correspondence addressed to a representative of the Defendant and occupant of the property known as 102 Hillair Circle, despite ongoing knowledge of the unlawful encroachment and despite the correspondence referenced above, Defendant continued to unlawfully occupy the Plaintiff's property and Defendant permitted the improperly constructed fence to continue to abut on and encroach upon Plaintiff's property.

18. That heretofore as a result of the subject encroachment identified above and documented on the surveys attached hereto, a subsequent letter dated November 9, 2017 was forwarded by counsel for the Plaintiffs to the Permanent Mission of Equatorial Guinea

to the United Nations, which correspondence again reiterated that a barbeque area, stonewall and paver's patio was extending onto Plaintiff's property in addition to a lengthy six foot tall vinyl fence that is encroaching on the property by as much as four feet.

19. That in addition to the above, the correspondence of November 9, 2017 further stated that there was present on the abutting property running from 102 Hillair Circle onto the property owned by the Plaintiffs herein, an unlawful pipe that was improperly and unlawfully discharging groundwater from the property owned by Defendant onto the Plaintiff's property.

20. That hereto attached as Exhibit "E" are two photographs taken from the Plaintiff's side of the abutting fence depicting the unlawful pipe running beneath the fence emanating from the Defendant's property onto the Plaintiff's property as well as a copy of the encroaching barbeque pit area and unlawfully overhanging roof structure, all of which, together with the encroaching fence thereon depicted are unlawfully situate upon the Plaintiff's property.

21. That moreover, the aforementioned letter of November 9, 2017 stated clearly and unequivocally that in the absence of immediate remediation and removal of the encroaching barbeque station, stone wall and paver's patio and the simultaneous ancillary removal of the aforementioned encroaching fence, that litigation would be initiated to seek injunctive and declaratory relief as a result of the ongoing trespass.

22. That moreover, by reason of the above, Defendant is liable to the Plaintiffs for the use and occupancy of the Plaintiff's property in addition to appropriate remuneration and compensation resulting from the improper discharge of groundwater onto the Plaintiff's property as well as the costs associated with the landscaping of the property consistent with

the earlier custom landscaping undertaking which landscaping was not extended within the area that was subject to the unlawful encroachment.

23. That the Defendant and Defendant's representatives have known and/or should have known that they were permitting an unlawful encroachment onto the property of the Plaintiff and that the actions and conduct of the Defendant and Defendant's representatives constitute an unlawful trespass and unlawful taking of property not deeded to the Defendant.

24. That the rights and legal interests of the Plaintiff have been interfered with as a result of the unlawful actions and the unlawful trespass of the Defendant.

25. That the property interests as conveyed to the Plaintiffs by the deed above identified have been unlawfully interfered with and unlawfully obtained by reason of the encroaching fence all as a result of the unlawful actions taken by the Defendant herein.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiffs repeat and reallege all of the allegations outlined in paragraphs 1 through 25 of the complaint as if the same were more fully hereinafter detailed.

27. That as a result of an unlawful encroachment and unlawful enclosure of the property of the Plaintiffs all as above outlined, the Defendant is today unlawfully utilizing and violating the property rights and property interests of the Plaintiffs.

28. That as a consequence of the unlawful encroachment above described, in addition to the unlawful abutting or encroaching structure constructed by the Defendant on the property line in violation of local ordinances and local codes, Plaintiffs are entitled to declaratory relief from this Court compelling the removal of the encroaching barbeque structure and encroaching fence to thereby restore the property interest and property rights of the Plaintiffs.

29. That the Defendant is guilty of an unlawful trespass, unlawful occupancy the property of the Plaintiffs and unlawful possession of the Plaintiff's property as depicted on the Exhibits hereto attached, all of which is without right, title and interest, and contrary to the lawful property rights and interests of the Plaintiffs.

30. That as a result of the foregoing, Plaintiffs are entitled to a declaratory determination of this Court, determining that the Defendant is unlawfully trespassing upon the property of the Plaintiffs and consistent therewith, Plaintiffs are entitled to Decree of the Court, compelling Defendant to remove the encroaching pavers, stonewall patio, barbeque structure and overhang and ancillary to the above a decree compelling Defendant to remove the encroaching fence.

31. Simultaneous with the above, Plaintiffs are entitled to a Decree of the Court declaring and determining that Plaintiffs are the lawful and true owners of the property deeded to them by deed dated August 11, 2008 and that the Defendant has no legal right to have any of the structures identified above, including the encroaching fence situate upon the property conveyed outright to the Plaintiffs herein by deed dated August 11, 2008.

32. As a result of the foregoing, Plaintiffs are entitled to a Decree of the Court establishing, declaring and determining that Plaintiffs are the lawful owners of the property deeded to Plaintiffs by deed dated August 11, 2008 free and clear of any claim, right, title and interest of the Defendant and ancillary to the above, Plaintiffs are entitled to a Decree of the Court declaring and determining that the Defendant is now trespassing upon the property of the Plaintiffs as a result of the encroaching structures described above as well as the encroaching fence.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiffs repeat and reallege all of the allegations outlined in paragraphs 1 through 25 and 27 through 31 of the complaint as if the same were more fully hereinafter detailed.

34. That as a consequence of the unlawful encroachment and violation of Plaintiff's property rights, Plaintiffs are entitled to an assessment of damages from the Court as necessary to properly and appropriately compensate Plaintiffs for the unlawful trespass that remains ongoing wherein and whereby Defendant is unlawfully occupying and enclosing without right, title and interest, a portion of Plaintiff's property as depicted on the surveys hereto attached as Exhibits "C" and "D".

35. That moreover, as a consequence of Defendant's unlawful enclosure and unlawful encroachment of Plaintiff's property, Plaintiff's property rights have been negatively impacted and Plaintiffs have been damaged as a result of the inability to access the Plaintiff's property to complete and finalize a costly custom landscaping plan now necessitating the re-landscaping of components of the property improperly encroached upon by Defendant.

36. That moreover the Defendant's unjust occupancy and unlawful encroachment of the subject property constitutes an unjust enrichment at the expense of the Plaintiffs and the Plaintiffs are entitled to appropriate compensatory damages arising therefrom.

37. That in addition to the above, the Plaintiff's property rights have been usurped and taken without compensation and the Plaintiffs have further been damaged as a direct result of their inability to access their lawfully owned property to complete custom landscaping plans.

38. That the Plaintiffs are entitled to an assessment of damages and award of compensatory relief to include the costs of restoring their property rights as a result of the

deliberate contumacious disregard of the Defendant for the property rights and interests of the Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiffs repeat and reallege paragraphs 1 through 25, 27 through 31 and 34 through 37 as if the same were more fully hereinafter detailed.

40. That as a consequence of the unlawful encroachment and unlawful trespass of the Plaintiffs property, Plaintiffs are entitled to a Decree of this Court enjoining Defendants from continuing to occupy and continuing to enclose the property of the Plaintiffs.

41. That the Defendant's unlawful occupancy and unlawful encroachment of the Plaintiffs' property is ongoing and notwithstanding efforts undertaken by Plaintiffs to cause Defendant to recognize the property rights of the Plaintiffs and to abide by the property rights of the Plaintiffs, Defendant has ignored, contravened, disobeyed and contumaciously violated the property rights and property interests of the Plaintiffs.

42. That as a consequence of Defendant's deliberate and contumacious disobedience of the property rights of the Plaintiffs, the Plaintiffs have been compelled to initiate the within injunctive proceeding to compel Defendant to remove the encroaching structures and encroaching conditions now unlawfully enclosing and unlawfully present upon and within Plaintiff's property.

43. That Plaintiffs lack an adequate remedy at law.

44. That as a consequence of the above, Plaintiffs seek declaratory relief from this Court declaring Plaintiffs to be the lawful property owners of the property deeded to them by deed dated August 11, 2008 and simultaneously Plaintiffs seek an Order from this Court enjoining Defendant from continuing to unlawfully occupy the property of Plaintiff and

directing Defendant to forthwith and immediately remove any encroaching structure and/or fence unlawfully now situate on the property of the Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION

45. Plaintiffs repeat and reallege all of the allegations outlined in paragraphs 1 through 25, 27 through 31, 34 through 37 and 40 through 43 of the complaint as if the same were more fully hereinafter detailed.

46. That as a consequence of the above, Plaintiffs are entitled to equitable relief from this Court declaring and determining their property rights and enjoining Defendant from the continued unlawful use of the aforesaid property.

47. That in addition to the encroaching fence and other encroaching structures above delineated there is now located and situate upon the property owned by Defendant and commonly known as, 102 Hillair Circle, a pipe that unlawfully runs onto the property of the Plaintiffs which pipe is currently discharging groundwater from the property of the Defendant onto the Property of the Plaintiff's and said discharge constitutes an unlawful nuisance resulting in the unwanted, unlawful and improper discharge and accumulation of water now flowing upon and collecting on the property of the Plaintiffs.

48. That the aforementioned pipe running from the property of the Defendant onto the property of the Plaintiffs is unlawful and the ancillary discharge of groundwater onto the property of the Plaintiffs constitutes a continuous ongoing invasion, nuisance, interruption and interference with the property rights and property interests of the Plaintiffs.

49. That as a consequence of the above, Plaintiffs are entitled to a Decree of the Court required removal of the subject pipe to thereby terminate the unlawful discharge of groundwater onto the Plaintiff's property.

50. That Plaintiffs lack an adequate remedy at law.

51. That as a consequence of the above, Plaintiffs are entitled declaratory relief from this Court declaring and determining that the discharge of groundwater from the Defendant's property to Plaintiff's property is unauthorized and unlawful, that the subject pipe must be removed and ancillary to the above, Plaintiffs seek a Decree of the Court enjoining Defendant from continuing the activities and conduct above outlined.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. Plaintiffs repeat and reallege all of the allegations outlined in paragraphs 1 through 25, 27 through 31, 34 through 37, 40 through 43 and 46 through 50 of the complaint as if the same were more fully hereinafter detailed.

53. That the Defendant acquired title to the property abutting Plaintiff's property by deed dated September 8, 2010 and upon information and belief, no part of the Plaintiff's property was ever included within the conveyance of title to the property deeded to the Defendant herein.

54. That notwithstanding the Defendant's acquisition of title to the property deeded by instrument dated September 8, 2010 that Defendant has unlawfully occupied property lawfully deeded to the Plaintiffs herein without right, title and interest.

55. That as a consequence of the encroachment upon the property of the Plaintiffs herein, Plaintiffs are entitled to a Decree of this Court quieting title to the property that is subject to the Defendant's unlawful encroachment and simultaneously extinguishing any and all claim of right, title and interest to any portion of the Plaintiff's property that is now subject to any unlawful enclosure and unlawful encroachment.

56. That simultaneous with this Court's Decree that will extinguish any unlawful claim of the Defendant to any right, title and interest in the property of the Plaintiffs, the

Plaintiffs are entitled to a Decree of this Court ratifying and affirming the Plaintiff's property rights all as conveyed to Plaintiffs by deed dated August 11, 2008.

57. That consistent with the above and by reason of the unlawful acts and unlawful conduct of the Defendant herein, Plaintiffs are herein entitled to a Decree of this Court quieting Plaintiffs title to the property that is subject to the unlawful encroachment and unlawful occupancy of the Defendant herein thereby extinguishing any right, title or claim that may be asserted by Defendant against any of the property owned by the Plaintiffs that is subject to an encroachment or unlawful enclosure erected, maintained or continued by Defendant herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

a. On the first cause of action, a Decree of the Court establishing the Defendant's trespass and declaring Plaintiffs to be the lawful owners of all property deeded to them by deed dated August 11, 2008 free and clear of any claim, right, title or interest of the Defendant and compelling Defendant to forthwith and immediately vacate and remove any and all structures unlawfully trespassing upon the property of Plaintiffs.

b. On the second cause of action, an assessment of damages and award of compensatory relief to the Plaintiffs as a result of the Defendant's unjust occupancy, unlawful encroachment, unjust enrichment and deliberate disregard for the property rights of the Plaintiffs, including therein the costs incurred by Plaintiffs to remedy and restore all of Plaintiffs' lawful rights;

c. On the third cause of action, a declaratory determination of the Court declaring and adjudging Plaintiffs' property rights consistent with the deed conveying the subject property, enjoining Defendant's continued unlawful encroachments and consistent with the

above compelling Defendant to forthwith remove all structures unlawfully encroaching upon the property of the Plaintiffs;

   d. On the fourth cause of action, an equitable decree and determination of the Court requiring Defendant to immediacy cease the discharge of water from the property of Defendant to the property of Plaintiffs, remove the unlawful pipe causing the aforementioned flow or discharge or groundwater from the property of Defendant to the property of Plaintiffs ancillary to the Court's assessment of damages flowing from the above;

   e. On the fifth cause of action, a Decree of the Court extinguishing any and all unlawful claims of Defendant to the property unlawfully occupied that was lawfully deeded to the Plaintiffs simultaneous with a decree of the Court quieting title in said parcel now encroached upon by Defendant and extinguishing Defendant's unlawful claim, if any, arising out of Defendant's unlawful encroachment, and/or occupancy thereof;

   f. On all of the causes of action above delineated, within the sound discretion of the Court, as deemed appropriate such other, further and different relief as to the Court may seem proper including and not limited to an assessment of damages and an award of compensatory damages to the Plaintiffs arising out of Defendant's ongoing nuisance interfering with Plaintiff's property rights by reason of the unlawful encroachments, deliberate removal of surveyors stakes, reconstruction of an encroaching fence, all coupled with the ongoing unlawful discharge of groundwater onto the property of the Plaintiffs.

Dated: White Plains, New York
    December 12, 2017

DAVID I. GRAUER
*Attorney for Plaintiff*
50 Main Street, 4th Floor
White Plains, New York 10606
T – (914) 946-5480
F – (914) 946-3505

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------

LEONARD M. EISENBERG and
CAROL A. EISENBERG,

                    Plaintiffs,

     – against –

PERMENENT MISSION OF EQUATORIAL GUINEA
TO THE UNITED NATIONS,

                    Defendant.
-------------------------------------------------------------------

**VERIFICATION**

Index No. _____

State of New York    )
                         ) ss.:
County of Westchester  )

       LEONARD EISENBERG AND CAROL EISENBERG each individually being duly sworn, to hereby depose and say the following:

       We are individual Plaintiffs in this action and we have read the annexed Verified Complaint; know the contents thereof; and the same are true to our knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true.

       Our belief as to those matters not stated upon knowledge is based upon documents within the possession of our attorney.

_____
LEONARD EISENBERG

Sworn to before me this
13th day of December, 2017

_____
CAROL EISENBERG

_____
Notary Public
DAVID I. GRAUER
Notary Public, State of New York
No. 4646562
Qualified in Westchester County
Commission Expires March 30, 2019

Index No.                    Year 20

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER

LEONARD M. EISENBERG and
CAROL A. EISENBERG,

Plaintiffs

-against-

PERMENENT MISSION OF EQUATORIAL GUINEA
TO THE UNITED NATIONS

Defendant

## SUMMONS AND VERIFIED COMPLAINT

DAVID I. GRAUER
Attorney for
**Plaintiffs, Leonard M. Eisenberg and Carol A. Eisenberg**
50 MAIN ST.
WHITE PLAINS, N.Y. 10606
(914) 946-3480
FAX (914) 946-3505

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 12/12/17                Signature: _____

Print Signer's Name: DAVID I. GRAUER, ESQ.

Service of a copy of the within _____ is hereby admitted.
Dated:                         50 Main Street
                               White Plains, NY 10606

                               Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on              20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                          one of the judges of the within-named Court.
at
on              20    , at         M

Dated:

                                                              DAVID I. GRAUER
                                                              Attorney for

SUPREME COURT STATE OF NEW YORK
COUNTY OF WESTCHESTER

Attorney: DAVID I. GRAUER, ESQ.

LEONARD M. EISENBERG, ET AL.

- against -

Plaintiff(s)

PERMANENT MISSION EQUATORIAL GUINEA TO THE UNITED STATES

Defendant(s)

Index No. 70387/2017

AFFIDAVIT OF SERVICE OF:

SUMMONS W/NOTICE, VERIFIED COMPLAINT & E-FILING NOTICE

STATE OF NEW YORK: COUNTY OF QUEENS SS:

PEDRO J. RODRIGUEZ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/15/17 at 1425 Hours at 800 2ND AVENUE SUITE 305 NEW YORK, NY 10017 deponent served the within SUMMONS W/NOTICE, VERIFIED COMPLAINT & E-FILING NOTICE on PERMANENT MISSION EQUATORIAL GUINEA TO THE UNITED STATES therein named,

**INDIVIDUAL A** ☐ by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein. ☐ (S) He identified (her) himself as such.

**CORPORATION B** ☒ a (domestic) (foreign) corporation by delivering thereat a true copy of each to JEAN CHARLES personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be AUTHORIZED AGENT thereof

**SUITABLE AGE PERSON C** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is defendant's (actual place of business) (dwelling house) (usual place of abode) within the state. ☐ (S) He identified (her) himself as of defendant

**AFFIXING TO DOOR, ETC. D** ☐ by affixing a true copy of each to the door of said premises, which is defendant's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there on the dates below:

**MAILING USE WITH C or D** ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above defendant at and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State.

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| MALE | BLACK | HAT ON | 40 | 5'6 | 150 |

BLACK BEARD

**MILITARY SERVICE** ☐ Person spoken to was asked whether the defendant was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person(s) so served as aforesaid to be the same person(s) mentioned and described as the defendant in this action.

**USE IN NYC CIVIL CT.** ☐ The language required by NYCRR 2900.2(e). (f) & (h) was set forth on the face of said summons (es).

Sworn to before me on the 12/18/17

JEANETTE URENA
Notary Public, State of New York
Registration No. 01UR6181572
Qualified in Queens County
Commission Expires February 04, 2020

PEDRO J. RODRIGUEZ
LICENSE No. 2024701

# 182436

1 of 1

SUPREME COURT STATE OF NEW YORK                                 DAVID I. GRAUER, ESQ.
COUNTY OF WESTCHESTER

LEONARD M. EISENBERG, ET AL.                            Index No. 70387/2017

                                        Plaintiff(s)
                    - against-                          AFFIDAVIT OF SERVICE
                                                        OF:
PERMANENT MISSION EQUATORIAL GUINEA TO THE UNITED
STATES                                                  SUMMONS W/NOTICE, VERIFIED
                                        Defendant(s)    COMPLAINT & E-FILING NOTIC

STATE OF NEW YORK: COUNTY OF WESTCHESTER  SS:

DARRIN POLICAR    BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/14/17 at 1409 Hours at 102 HILAIR CIRCLE WHITE PLAINS, NY 10605
deponent served the within SUMMONS W/NOTICE, VERIFIED COMPLAINT & E-FILING NOTICE on
PERMANENT MISSION EQUATORIAL GUINEA TO THE UNITED STATES therein named,

**INDIVIDUAL A** ☐ by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein. ☐ (S) He identified (her) himself as such.

**CORPORATION B** ☒ a (domestic) (foreign) corporation by delivering thereat a true copy of each to LIDIA MOSANGA personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be AUTHORIZED AGENT thereof

**SUITABLE AGE PERSON C** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is defendant's (actual place of business) (dwelling house) (usual place of abode) within the state. ☐ (S) He identified (her) himself as of defendant

**AFFIXING TO DOOR, ETC. D** ☐ by affixing a true copy of each to the door of said premises, which is defendant's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there on the dates below:

**MAILING USE WITH C or D** ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above defendant at and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State.

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 20 | 5'2 | 100 |

**MILITARY SERVICE** ☐ Person spoken to was asked whether the defendant was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person(s) so served as aforesaid to be the same person(s) mentioned and described as the defendant in this action.

**USE IN NYC CIVIL CT.** ☐ The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons (es).

Sworn to before me on the
12/14/17

GERI L. FRAGETTE
Notary Public, State of New York
No. 01AL5047399
Qualified in Westchester County
Commission Expires July 31, 2021

DARRIN POLICAR
LICENSE No.

# 18243

STATE PROCESS SERVING COMPANY • stown Heights, New York 10598 • 914-243-5817

1 of 1