UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD M. EISENBERG and )
CAROL A. EISENBERG, )    Civil Action No. 18-cv-02092(KMK)
)
            Plaintiffs, )
)
    – against – )
)    **DEFAULT JUDGMENT**
PERMANENT MISSION OF EQUATORIAL )
GUINEA TO THE UNITED NATIONS, )
)
            Defendant. )

**WHEREAS**, the above action now pending in this Court was initially commenced by Plaintiffs in Supreme Court of the State of New York, County of Westchester and removed by Notice of Removal (Document #1) filed by counsel for the Defendant on March 8, 2018; and

**WHEREAS**, subsequent to Defendant's removal, Defendant challenged the subject matter jurisdiction of this Court alleging upon a 12(b)(1) Motion that Plaintiffs could not maintain this action based upon sovereign immunity; and

**WHEREAS**, said Motion came on to be heard before this Court on July 30, 2019 and the Court rendered a Decision and Order (Document No. 50) denying Defendant's subject matter challenge; and

**WHEREAS**, the Second Circuit Court of Appeals following an appeal by Defendant unanimously affirmed by Decision and Order dated October 20, 2020 the underlying July 30, 2019 Order of this Court; and

**WHEREAS**, following the above Plaintiffs filed discovery demands including a Notice of Intention to Inspect the Premises (Document No. 68) to access the property as well as an omnibus

1

document demand (Document No. 69); and

**WHEREAS,** by Memo Endorsed letter dated November 12, 2020 (Document No. 67) the Court set a "hard deadline" on discovery establishing a cutoff date of January 31, 2021 stating an intention to impose sanctions based upon a failure to comply; and

**WHEREAS,** notwithstanding the above it became necessary for Plaintiffs' counsel to file a letter motion on January 6, 2021 to compel production; and

**WHEREAS,** the Court issued an Order on January 7, 2021 (Document No. 75) directing Defendant to respond by January 21, 2021 and a further Order was entered on January 14, 2021 (Document No. 78) granting a second letter motion seeking leave to file a default motion; and

**WHEREAS,** on January 27, 2021 the subject Default Motion (Document No. 79) was docketed returnable on February 19, 2021 and adjourned by first letter motion to March 19, 2021; and

**WHEREAS,** in response to the Plaintiffs' discovery applications and discovery notices, Defendant through counsel continued to improperly and unlawfully assert immunity notwithstanding the ruling of this Court and notwithstanding the affirmance of the ruling by the Second Circuit Court of Appeals; and

**WHEREAS,** by Memo Endorsed letter (Document No. 83) endorsed on April 6, 2021 the Honorable Court granted leave to Plaintiffs to submit a proposed order seeking default judgment;

**NOW THEREFORE** it is:

**ORDERED, ADJUDGED and DECREED** that the Plaintiffs do recover and have judgment for all relief requested in the underlying Complaint including and not limited to the within determination that the Defendant's actions that trespassed upon the property of the Plaintiffs were

unlawful and that the Plaintiffs are entitled to a decree of this Court establishing Defendant's trespass and declaring Plaintiffs to be the lawful owners of all property deeded to them by deed dated August 11, 2008 free and clear of any claim, right, title or interest of the Defendant compelling Defendant to forthwith and immediately vacate and remove any and all encroachments and structures of any nature unlawfully trespassing upon the property of the Plaintiffs; and it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiffs are entitled to compensatory damages as a result of Defendant's unjust occupancy, unjust encroachment and deliberate disregard for the property rights of the Plaintiffs; and it is

**ORDERED, ADJUDGED and DECREED** that Plaintiffs do hereby obtain a declaratory judgment and determination of this Court quieting the title to the property owned and deeded to the Plaintiffs by Deed dated August 11, 2008 extinguishing any and all unlawful claims of the Defendant to the subject property that was unlawfully occupied and trespassed upon; and it is

**ORDERED, ADJUDGED and DECREED** that the Defendant be hereby directed to fully comply with, adhere to and respect the boundary line demarcated on the Munson Company Survey dated November 2, 2016 which Survey was affixed as Exhibit "C" to the Plaintiffs' Complaint which Survey further depicted that the Defendant's barbecue area and chain link fence then encroached beyond the Defendant's boundary line separating the properties of the parties all as depicted on the Survey attached as Exhibit "C" to the Plaintiffs' Complaint and ancillary to the above, Defendant is hereby directed and enjoined to remove any encroachments that extend beyond said boundary line, quieting title to property owned by the Plaintiffs heretofore encroached upon by the Defendant; and it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiffs do obtain an equitable decree, injunction and determination requiring Defendant to immediately cease the discharge of water from the property of the Defendant onto the property of the Plaintiffs and forthwith and immediately remove any unlawful concealed pipes now causing water to flow and discharge from the property of the Defendant onto the property of the Plaintiffs; ~~and it is~~

~~**ORDERED, ADJUDGED and DECREED** that ancillary to the Plaintiffs prayer for relief seeking damages and fees and ancillary to the motion filed by Plaintiffs and docketed on January 27, 2021 (Document No. 79) seeking sanctions as well as legal fees that the Plaintiffs do now obtain a money judgment against the Defendant for a portion of the legal fees incurred in prosecuting this action and seeking default relief all as an outgrowth of the contumacious disregard by Defendant of the Orders of this Court in addition to as an outgrowth of the unlawful encroachment by Defendant upon the property of the Plaintiffs which fees are hereby awarded to the Plaintiffs in the sum of $200,000.00 or such other sum as the Court may deem to be appropriate to be endorsed herein and/or following any inquest that the Court may deem to be appropriate, all predicated upon an affidavit that Plaintiffs' counsel at the request of the Court is prepared to furnish certifying that Plaintiffs' costs, disbursements and fees to date have exceeded the above sum; and it is~~

~~**ORDERED, ADJUDGED and DECREED** that based upon this Court's review of an Affidavit of Services to be furnished by Plaintiffs' counsel certifying the services furnished from the inception of representation to date along with certification of all fees paid and disbursements incurred, the Court does hereby grant a money judgment in favor of the Plaintiffs and against the Defendant Equatorial Guinea for legal fees incurred by the Plaintiffs amounting to the sum of $_____~~

~~together with taxable costs and disbursements separate and apart from the sanctions separately awarded and hereinbelow delineated against the Defendant and the Defendant's counsel all as hereinafter provided; and it is~~

~~**ORDERED, ADJUDGED and DECREED** that as a consequence of the deliberate disregard by Defendant and Defendant's counsel of the July 30, 2019 Order and ruling of this Court (Document No. 50) denying on July 30, 2019 the Defendant's 12(b)(1) Motion that held that sovereign immunity did not preclude prosecution of this proceeding, that nevertheless following lawful discovery demands authorized by this Court, Defendant and Defendant's counsel contumaciously and deliberately continued to assert immunity as a justification for non-compliance with lawful Court authorized discovery all of which support the Court's legal fee award above determined, it is also hereby declared and determined that sanctions be hereby appropriately established, awarded and decreed in favor of the Plaintiffs and against the Defendant Equatorial Guinea in the sum of $_____, and it is~~

~~**ORDERED, ADJUDGED and DECREED** that as a consequence of the deliberate disregard by Defendant and Defendant's counsel of the July 30, 2019 Order and ruling of this Court (Document No. 50) denying on July 30, 2019 the Defendant's 12(b)(1) Motion that held that sovereign immunity did not preclude prosecution of this proceeding, that nevertheless following lawful discovery demands authorized by this Court, Defendant and Defendant's counsel contumaciously and deliberately continued to assert immunity as a justification for non-compliance with lawful Court authorized discovery all of which support the Court's legal fee award above determined it is also hereby declared and determined that sanctions be hereby appropriately established, awarded and decreed in favor of the Plaintiffs and against Defendant's counsel Francis M. Ssekandi, Esq. in the sum of $_____;~~

5

~~and it is~~

~~ORDERED, ADJUDGED and DECREED that the Clerk of this Court be hereby authorized and directed to enter and docket a money judgment in favor of the Plaintiffs **LEONARD A. EISENBERG** and **CAROL A. EISENBERG** residing at 100 Hillair Circle, White Plains, New York 10605 against the Defendant the foreign entity and foreign government known as Equatorial Guinea that maintains a Permanent Mission at the premises known as 102 Hillair Circle, White Plains, New York 10605 for the full amount of the fees and sanctions herein ordered together with applicable interest as well as taxable costs and disbursements; and it is~~

~~ORDERED, ADJUDGED and DECREED that the Clerk of this Court be hereby authorized and directed to enter and docket a money judgment for the amount of sanctions granted to the Plaintiffs and against Defendant's counsel Francis M. Ssekandi, Esq., 530 Alosio Drive, River Vale, New Jersey 07675; and it is~~

~~ORDERED, ADJUDGED and DECREED that subject to the Clerk's entry of the money judgments above enumerated and subject to the default relief herein granted, the Clerk of the Court be hereby directed to make a suitable docket entry discontinuing the proceedings subject only to the authorized submission by Plaintiffs to the Court and/or to the Clerk of the Court of such requisite money judgments as this Court has herein determined, authorize~~

Dated: White Plains, New York
       August 11, 2021

_____
Kenneth M. Karas, U.S.D.J.

~~This document was entered on the docket on _____~~

**The Court will hold an inquest to assess damages and sanctions on September 27, 2021 at 10:00 A.M.  "A motion for sanctions . . . must 'be made separately from other motions or requests' and must 'describe the specific conduct alleged to violate [the rule].'"  *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999) (alteration in original) (quoting Fed. R. Civ. P. 11(c)(1)(A)).  The Court reminds Plaintiffs' counsel that "[w]hen a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs *attributable to the sanctioned party's misconduct* and the amount needed to serve the deterrent purposes of Rule 11."  *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018) (emphasis added).  Thus, the notion that the Court might order Defendant to pay Plaintiffs' total litigation costs from the start of this Action is a nonstarter.  Any request for attorneys' fees and other sanctions must have a basis in fact and governing case law.**

**Accordingly, Plaintiffs may submit their proposed damages assessment and sanctions motion no later than August 27, 2021.  The damages assessment and sanctions motion should be accompanied by documentary evidence and a supporting memorandum of law.  Defendant may file its Opposition no later than September 3, and Plaintiffs may file a Reply no later than September 10.  The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 79).**