UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD EISENBERG and CAROL EISENBERG,

                Plaintiffs,

v.

PERMANENT MISSION OF EQUATORIAL GUINEA TO THE UNITED NATIONS,

                Defendant.

No. 18-CV-2092 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Leonard Eisenberg and Carol Eisenberg ("Plaintiffs") brought this Action against the Permanent Mission of Equatorial Guinea to the United Nations ("Defendant"), alleging that Defendant built and maintained structures that trespassed and encroached on Plaintiffs' property. (*See* Compl. (Dkt. No. 1-1).)[1] On July 30, 2019, after an oral argument, the Court denied Defendant's Motion to Dismiss challenging subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis of sovereign immunity. (*See* Dkt. Nos. 50, 56.) Defendant appealed, (*see* Dkt. No. 53), and the Second Circuit affirmed this Court's ruling on November 10, 2020, (*see* Dkt. No. 65). Following Defendant's failure to respond to Plaintiff's discovery demands, including by continuing to assert immunity, this Court entered a Default Judgment in favor of Plaintiffs on August 11, 2021. (*See* Dkt. No. 91.) Before the Court is

---

[1] Plaintiffs originally commenced this Action in the Supreme Court of the State of New York in the County of Westchester. (*See* Dkt. No. 1.)On March 8, 2018, Defendant filed a Notice of Removal. (*See id.*)

Plaintiffs' Motion for Sanctions ("the Motion") pursuant to of the Federal Rule of Civil Procedure 11. (*See* Not. of Mot. (Dkt. No. 98).)

Federal Rule of Civil Procedure 11, in relevant part, imposes a duty on every attorney to "certif[y] that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness. . . ." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (citation, alteration, and quotation marks omitted). The decision whether to impose sanctions under Rule 11 "is . . . committed to the district court's discretion." *Toussaint v. NY Dialysis Servs., Inc.*, 230 F. Supp. 3d 198, 222 (S.D.N.Y. 2017) (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)), *aff'd*, 706 F. App'x 44 (2d Cir. 2017). "Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy. . . ." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008); *Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *6 (S.D.N.Y. Sept. 26, 2019) (same); *see also Morana v. Park Hotels & Resorts, Inc.*, No. 20-CV-2797, 2022 WL 769327, at *11 (S.D.N.Y. Mar. 14, 2022) (noting that "the decision to impose sanctions should be 'made with restraint'" (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)).

Plaintiffs argue that Defendant frivolously continued to assert sovereign immunity after this Court had already determined that it did not apply, thereby unnecessarily delaying the resolution of the case and causing Plaintiffs to incur unnecessary legal fees. (*See* Pls.' Mem. of Law in Supp. of Mot. for Sanctions ("Pls.' Mem.") at 2 (Dkt. No. 97).) Plaintiffs also argue that

2

Defendant used "dilatory tactics and delay activities that obstructed discovery and ultimately compelled Plaintiffs to file [their Motion for Default Judgment]." (Aff. of David I. Grauer, Esq. ("Grauer Aff.") ¶ 3 (Dkt. No. 99).) Indeed, Defendant failed to furnish Plaintiffs with any responsive discovery, contrary to this Court's warning that the failure to do so could result in sanctions. (*See* Memo Endorsement (Dkt. No. 67) ("By memo endorsing this letter, the Court intends to set a hard deadline on discovery in this case. Failure to comply with this order could result in sanctions."); Letter from David I. Grauer to Court (Jan. 14, 2021) (Dkt. No. 77) ("[N]otwithstanding this Court's directive, we received not one document responsive to any provision of our demand . . . ."). In response, Plaintiffs filed a letter motion to compel discovery, (*see* Dkt. No. 73), and ultimately filed a Motion for Default Judgment, (*see* Dkt. Nos. 79, 84), which this Court granted on August 11, 2021, (*see* Default Judg. (Dkt. No. 91)). Defendant has also persisted in asserting immunity notwithstanding the ruling of this Court and the affirmance of that ruling by the Second Circuit. (*See, e.g.*, Dkt. Nos. 71, 72, 76, 87.) Notably, Defendant even raises that defense in its Opposition to Plaintiffs' Motion for Sanctions. (*See generally* Def.'s Mem. of Law in Opp'n to Pls.' Mot. for Sanctions ("Def.'s Opp'n") (Dkt. No. 101).)

District courts within the Second Circuit have imposed sanctions where a party persists in raising previously rejected claims or defenses. *See, e.g.*, *Dimitri Enterprises, Inc. v. Scottsdale Ins. Co.*, No. 20-CV-7966, 2021 WL 2650508, at *2 (S.D.N.Y. June 24, 2021) (imposing sanctions where the "plaintiff's counsel filed the same defective claims against a new defendant" because [s]uch claims were not made in good faith after reasonable inquiry"); *Commer v. Am. Fed'n of State, Cty. & Mun. Emps.*, No. 01-CV-4260, 2003 WL 22671546, at *1 (S.D.N.Y. Nov. 12, 2003) (imposing sanctions where the plaintiff continued to assert a claim after the court warned him that doing so could result in sanctions); *Kirschner v. Zoning Bd. of Appeals of Inc.*

3

*Vill. of Valley Stream*, 159 F.R.D. 391, 398 (E.D.N.Y. 1995) (imposing sanctions where the plaintiff's "pleading was presented for an improper purpose, namely to cause unnecessary delay or needless increase in the cost of litigation"); *Knipe v. United States*, 151 F.R.D. 24, 25 (N.D.N.Y. 1993) (finding that the "plaintiffs' counsel's unfailing persistence in pursuing [certain] frivolous arguments alone warrants sanctions under Rule 11"). In sum, "Rule 11 targets situations" such as this one, "where it is patently clear that a claim has absolutely no chance of success." *New V & J Produce Corp. v. NYCCaterers Inc.*, No. 13-CV-4861 2014 WL 5026157, at *7 (S.D.N.Y. Sept. 29, 2014) (quoting *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991)); *see also Immerso v. U.S. Dep't of Lab.*, No. 19-CV-3777, 2021 WL 3185531, at *6 (E.D.N.Y. July 28, 2021) (imposing sanctions where the court "repeatedly warned [the sanctioned parties] that it considered their conduct in this action to be sanctionable, and it has provided [those parties] an opportunity to be heard on the subject of sanctions").[2] Accordingly, the Court finds that imposing sanctions on Defendant is appropriate in this case.

"If a party violates Rule 11's requirements, courts may impose a sanction against the offending party including, inter alia, 'an order directing payment . . . of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018) (quoting FED. R. CIV. P. 11(c)(4)). "When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent

---

[2] In an unpublished opinion, the Second Circuit also affirmed the imposition of sanctions against a party for raising a previously rejected argument. *See Parnoff v. Fireman's Fund Ins. Co.*, 796 Fed. App'x. 7, 9 (2d Cir. 2019) (summary order) ("[G]iven that the district court had already rejected a nearly identical argument in [an earlier suit], it was not reasonable for [plaintiff] to believe that his position would be warranted in this case.").

purposes of Rule 11." *Id.* (citing *Eastway Const. Corp. v. City of New York.*, 821 F.2d 121, 122–23 (2d Cir. 1987)). "The Second Circuit's caselaw instructs that '[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation' or portion of the litigation in issue 'multiplied by a reasonable hourly rate.'" *Conway v. Conway*, No. 17-CV-8245, 2019 WL 1331624, at *11 (S.D.N.Y. Mar. 25, 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008)). "That calculation generates 'a presumptively reasonable fee.'" *Id.* (quoting *Milea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (explaining that a reasonable hourly rate is one in line with rates "prevailing . . . in the community for similar services by lawyers of reasonably comparable skill, expertise[,] and reputation" (internal quotation marks omitted)). The "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties." *Adorno v. Port Auth.*, 685 F.Supp.2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks omitted), *reconsideration granted in part*, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010). "Ideally, included in the fee applicant's submissions should be affidavits providing information as to the credentials of each attorney seeking reimbursement and an affidavit by a disinterested local practitioner attesting to the relevant prevailing market rates." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016).

Plaintiffs seek a total of $75,000 in attorney's fees at a rate of $450/hour.  (*See* Grauer Aff. ¶ 8, 10; *see also* Grauer Aff. Ex. 3 (Dkt. No. 99-3).)  As an initial matter, the Court notes that $450/hour is a reasonable hourly rate that is in line with the prevailing market rate for senior lawyers in this district.[3]  *See Conway*, 2019 WL 1331624, at *11 (finding that rates of  $550, $490, and $380 for partners and $240 for an associate were "justified by counsel's experience" and "well within the range charged by lawyers in [] this District") (collecting cases); *Tartikov*, 188 F. Supp. 3d at 339 (finding "the $375 hourly rate charged by [three senior lawyers] falls below that found to be reasonable for attorneys of comparable experience in complex litigation in the Southern District of New York") (collecting cases); *Coakley v. Webb*, No. 14-CV-8438, 2016 WL 1047079, at *6 (S.D.N.Y. Mar. 10, 2016) (concluding "that a $575 hourly rate credits the extensive experience and qualifications of [the attorneys seeking reimbursement]"); *Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11–CV–7037, 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (finding $400 per hour to be a reasonable rate for an experienced litigator with nearly 20 years of experience), *aff'd*, 607 Fed. App'x 85 (2d Cir. 2015); *LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) (finding "$600 [to be] a reasonable rate" for two senior lawyers); *Adorno*, 685 F. Supp. 2d at 513 ("A rate of $550 is . . . consistent with rates awarded in this district for experienced civil rights lawyers.").

As for the number of hours, Plaintiffs include in their calculations the hours spent by Plaintiffs' counsel in litigating Defendant's appeal of this Court's July 30, 2019 Order denying Defendant's Motion to Dismiss and the accompanying mandatory mediation.  (*See* Grauer Aff. ¶

---

[3] Although it is not included in the Plaintiffs' materials, Plaintiffs' counsel, David Grauer ("Grauer") has approximately 45 years of experience practicing law, and he focuses on civil litigation.  *See Biography*, DAVID I. GRAUER, ATTORNEY AT LAW, https://www.digrauerlaw.com/attorney/grauer-david-i/ (last visited Apr. 5, 2022).

8.) However, given that Defendant had a right to appeal this Court's July 30, 2019 Order, *see Hernandez v. Goord*, No. 01-CV-9585, 2007 WL 54562, at *1 (S.D.N.Y. Jan. 5, 2007) ("Both sides retain the full right to appeal to the Second Circuit Court of Appeals about every decision in the case . . . ."), the Court will award attorney's fees to Plaintiff *after* November 10, 2020, the date on which the Second Circuit affirmed this Court's decision in that Order, (*see* Dkt. No. 65). Additionally, the number of hours expended by Plaintiff's counsel on the instant Motion for Sanctions should be included in the calculation.

Accordingly, Plaintiff's Motion for Sanctions is granted for all hours attributable to Defendant's misconduct after November 10, 2020. Within 30 days, Plaintiffs are instructed to provide the Court with an updated calculation of attorney's fees. The Clerk of Court is respectfully directed to terminate the instant Motion. (Dkt. No. 98.)

SO ORDERED.

DATED:   April 5, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE